# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1:19-cr-19 |
| | ) | |
| DERRICK WAYNE FLIPPO | ) | Judges McDonough/Steger |

## REPORT AND RECOMMENDATION

**I.   Introduction**

Defendant Derrick Flippo ("Defendant" or "Flippo") moves to suppress evidence obtained during the execution of a search warrant at his home. [Doc. 21]. Flippo asserts that the affidavit used to obtain the search warrant does not support probable cause and that the officers searched his home in violation of the Fourth Amendment. The Court finds that the affidavit supports probable cause for the search, and further, that the officers acted in good faith. Therefore, it is **RECOMMENDED** that Flippo's Motion to Suppress [Doc. 21] be **DENIED**.

**II.   Facts**

By way of background, Hamilton County Sheriff's Deputy William "Ben" Johnson submitted an affidavit in support of a search warrant to effect a search of Flippo's residence. The affidavit contains the following information:

> 3. The potential defendant in this case is a white male, identified as Derrick Wayne Flippo . . . .
>
> 4. The location to be searched in this case is located . . . in the unincorporated town of Bakewell, within Hamilton County, Tennessee. The home is a double wide manufactured home with white siding sitting on a masonry brick foundation with an attached porch on the rear with an above ground pool. The drive is shared by . . . . The residence to be searched is . . . is to the left when you enter the drive way from . . . . (See Appendix A) The drive is marked by a black mail box standing on a wood pole with the numbers [ ] displayed by white spray paint on the box.

5. The crime being investigated is manufacturing of marijuana; but is not limited to marijuana, within Hamilton County, Tennessee.

6. Your affiant received information from a confidential citizen source, herein referred to as CCS#l, that Marijuana is being possessed and grown by Derrick Wayne Flippo at his residence at . . ., in the unincorporated town of Bakewell, within Hamilton County, Tennessee which is further described in paragraph 4.

7. Within the past 72 hours, marijuana plants have been witnessed on the back porch of the residence described in paragraph # 4 by patrol Deputy Stone from an adjacent residence. (See Appendix B). Deputy Stone has experience and training in the identification of Marijuana plants. Your affiant has received information from CCS#1 that Derrick Wayne Flippo, is a convicted felon and has been seen in possession of a 9mm semi-automatic pistol with two thirty round magazines by CCS#1 in the recent past.

8. Your affiant searched local criminal records for Derrick Wayne Flippo and located prior felony charges and convictions. Your affiant also searched local police and jail records and located reports where Derrick Wayne Flippo's address was listed as . . . in Hamilton County, TN. This information corroborates and confirms the statements given to your affiant by CCS#1.

9. Based on the forgoing information, it is requested the Search Warrant be executed by Hamilton County Sheriff's Office Special Weapons and Tactics Division (S.W.A.T.) due to past actions and possible weapons at the residence. Also requested is the use of the Hamilton County Sheriff's Office Unmanned Aircraft System (UAS) Division for both added security and safety to the community and all officers involved by providing real time observation in conjunction and during the execution of the search warrant.

Based upon the foregoing, the affiant has received information from a citizen source that Derrick Wayne Flippo is growing marijuana . . . within Hamilton County, Tennessee, which is further described in #4. Your affiant has probable cause to believe and do believe that there is currently located . . . within Hamilton County, Tennessee, property which constitutes evidence of the commission of a criminal offense, contraband, the fruits of crime and/or property designed or intended for use or which is or has been used as the means of committing violations of Tennessee State drug laws. I hereby request a warrant for search of the above residence to include all persons, containers, out buildings and motor vehicles of persons located on the premises. I request that the warrant authorize officers to enter the residence and search for documents and records pertaining to those criminal activities.

[Doc. 22-1].

The affidavit included two appendices: (1) an aerial photo of the residence; and (2) a photograph of what appears to be marijuana plants located on the back porch of the residence. Deputy Johnson presented the affidavit and search warrant to a Hamilton County General Sessions judge. The judge signed the warrant and affidavit. Authorities executed the search warrant the following day. Inside the residence, police found 32 marijuana plants; 506 rounds of 9mm ammunition; a methamphetamine pipe; a Ruger pistol with a loaded, 30-round magazine with a bullet in the chamber; and a digital scale. A grand jury for the Eastern District of Tennessee later charged Flippo as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Flippo now seeks to suppress the evidence—including the gun and ammunition—recovered in the residence. In support of his motion, Flippo raises the following arguments:

- The affidavit lacked probable cause because the officers possessed only a suspicion that marijuana plants were growing on the back porch of the residence.

- The affidavit failed to include dates when Flippo was seen at the residence; resided there; or was seen with a gun.

- The confidential source was unreliable.

- Probable cause does not exist because "[a] confidential source somehow, at some time, advised the affiant that [he] was growing marijuana at a particular address and that at some time in the recent past, [ ] Flippo, who was a convicted felon, had been seen with a 9mm pistol with two 30 round magazines." [Doc. 21 at PageID #: 43]. Flippo notes that law enforcement "confirmed two things: [ ] Flippo, according to his criminal history and some reports, had lived at the address given during an unknown time and had in the past been convicted of a felony." [*Id.*]. Flippo argues that these facts are insufficient to justify probable cause.

- The officers' corroboration was not enough to sustain a probable-cause finding.

- Law enforcement officers failed to "knock and announce" their presence when they arrived at his residence to execute the search warrant.

Responding in opposition to the suppression motion, the Government emphasized that law enforcement obtained corroborating evidence—which was included in the affidavit—to establish probable cause. More specifically, the confidential source divulged that Flippo had been growing marijuana at a particular address, and Deputy Stone surveilled the address and observed marijuana plants on the back porch of the residence. The corroborating surveillance information was included in Deputy Johnson's affidavit in support of the search warrant. The Government also argues that, even if the law enforcement officers did not "knock and announce" when they arrived at the residence to serve the search warrant, such failure would not merit suppression of evidence.

**III.    Discussion**

The Fourth Amendment provides "no warrant shall issue but upon probable cause, supported by oath or affirmation. . . ." U.S. Const. amend. IV. To establish probable cause, an affidavit must set forth facts that indicate "a fair probability exists that evidence of a crime will be located on the premises of the proposed search." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (internal citations omitted); *see also United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018); *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005). In other words, an issuing judge need only find "reasonable grounds for belief" that evidence will be found to justify the issuance of a search warrant. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). When an affidavit is the basis for a probable cause determination, the affidavit "must provide the [issuing judge] with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

Search warrant affidavits are to be judged on the totality of the circumstances, not on the basis of line-by-line scrutiny. *Id.*; *see also United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004). The Court must consider the totality of the circumstances as set out in the four corners of

the affidavit. *Gates*, 462 U.S. at 230 (totality of the circumstances standard); *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971) (Court limited review of affidavit to the affidavit itself); *Hines*, 885 F.3d at 923 (in considering the totality of the circumstances, "the court is limited to examining the information contained within the four corners of the affidavit") (citation omitted).

A warrant must be upheld "so long as the [issuing judge] had a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing . . ." *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *Gates*, 462 U.S. at 236). A judge's probable-cause determination should be made in a realistic and common-sense fashion and reviewed in the same manner. *United States v. Finch*, 998 F.2d 349 351 (6th Cir. 1993) (citation omitted). That is, an issuing judge's determination requires great deference and may be overturned only if the judge arbitrarily exercised his authority. *United States v. Christian*, 925 F.3d 305, 311 (6th Cir. 2019).

### A. Sufficiency of Information from Confidential Source

Flippo argues that the information from the confidential source was insufficient to support probable cause for a search of the residence. Flippo characterizes that information as, "[a] confidential source somehow, at some time, advised the affiant that Mr. Flippo was growing marijuana at a particular address and that at some time in the recent past, Mr. Flippo, who was a convicted felon, had been seen with a 9mm pistol with two 30 round magazines." [Doc. 21 at PageID #: 43].

Analyzing Flippo's argument, the Court recognizes that "[r]arely can an anonymous tip by itself constitute a basis for reasonable suspicion [much less probable cause] . . . , because "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity . . . ." *United States v. Hudson*, 405 F.3d 425, 432 (6th Cir. 2005) (citations omitted); *see also United*

*States v. Hammond*, 351 F.3d 765, 772 (6th Cir. 2003) (finding that a tip that is "vague, not obviously reliable, and entirely unsupported by any independent investigation" is, "on its own, . . . insufficient for establishing probable cause").

In *United States v. Weaver*, 99 F .3d 1372 (6th Cir. 1996), for instance, the Sixth Circuit found that an affidavit was so lacking in probable cause that belief in its existence was entirely unreasonable. The appeals court classified the affidavit as "bare bones," noting that the only claim of possible wrongdoing was the informant's observation that, three days before the affidavit date, he saw "some quantity of marijuana" that was "expressly for the purpose of unlawful distribution." *Weaver*, 99 F.3d at 1378. The affidavit lacked any facts to support the informant's knowledge regarding the distribution of the marijuana, and it failed to present any information as to the detective's own belief that marijuana was present. *Id.* The officer engaged in no independent investigation to corroborate the tip, and the court found that the officer's reliance on the search warrant without that independent investigation was unreasonable. *Id.* at 1379–80. The appeals court also noted that the affiant did not describe the contraband or how it was maintained, identify aspects of the location in the residence where the contraband was seen or kept, include a description of the individual targeted in the search, or provide information on the drug distribution operation. *Id.* at 1378 n. 4.[1] In a later decision, *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000), the Sixth Circuit noted the fatal flaws of the *Weaver* affidavit:

> [W]hat was lacking in the *Weaver* affidavit was any indication of probable cause to suspect drug trafficking, the offense for which the warrant was expressly being sought. But that was not in itself fatal, since an affidavit need only provide probable cause to believe a search will uncover evidence of some wrongdoing, without need for further specificity. What was finally fatal in the *Weaver* affidavit was its lack of probable cause to believe any marijuana previously observed by the [confidential informant] would be left to be discovered by a search, for there was no mention of

---

[1] The Sixth Circuit, sitting *en banc*, later limited *Weaver* to its facts. *See United States v. Allen*, 211 F.3d 970, 974 (6th Cir. 2000).

the quantity of drugs observed. Nor was there any attempt to note behavior indicating ongoing sales.

*Allen*, 211 F.3d at 974.

Courts have classified affidavits as "bare bones"—similar to the insufficient affidavit in *Weaver*—when they state "suspicions, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *United States v. Washington*, 380 F.3d 236, 241 n.4 (6th Cir. 2004) (quoting *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998)). Such affidavits generally rely upon boilerplate language concerning the officer's "experience in law enforcement [or] the traditional behavior of drug dealers." *United States v. Moore*, 661 F.3d 309, 311 (6th Cir. 2011).

Though not a model of clarity and plenitude, the search warrant affidavit currently under review by this Court does not suffer the same defects as the affidavit discussed in *Weaver*. The present affidavit contains information reflecting the confidential source's first-hand observation of Flippo at the residence and connecting illegal activity to the residence. *See United States v. White*, 874 F.3d 490, 497 (6th Cir. 2017) (An affidavit need only present "some connection, regardless of how remote it may have been[.]"). This affidavit is not so lacking in indicia of probable cause to render belief in the existence of such probable cause entirely unreasonable. *See United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005) (noting that to be "bare bones," an affidavit must be "so lacking in indicia of probable cause" as to make an officer's "belief in its existence [ ] objectively unreasonable.").

### B. Credibility of the Confidential Source

Flippo complains that there is insufficient evidence to establish the reliability and veracity of the "confidential citizen source" who provided information to law enforcement. While the affidavit does not provide enough information about the confidential source to establish his or her

credibility, law enforcement can bolster a source's credibility by corroborating the "tip" through additional investigation. *See Gates*, 462 U.S. at 232, 243 (noting that "[p]robable cause is a fluid concept" and can be satisfied by "facts obtained through independent investigation."). And here, law enforcement did independently corroborate information provided by the confidential source and included such information in the search warrant affidavit. First,

> [Deputy Johnson] searched local criminal records for Derrick Wayne Flippo and located prior felony charges and convictions. [Deputy Johnson] also searched local police and jail records and located reports where Derrick Wayne Flippo's address was listed as [the address identified by the confidential source] in Hamilton County, TN. This information corroborates and confirms the statements given to [Deputy Johnson] by [the confidential source].

[*See* Doc. 22-1 at PageID #: 54]

The confidential source identified Flippo as a convicted felon [Doc. 22-1 at Page ID #: 54], and Deputy Johnson confirmed through his search of the records that Flippo was a convicted felon. The confidential source indicated that Flippo was growing marijuana plants at a specific address in Hamilton County which the source identified as Flippo's residence. Deputy Johnson's records search confirmed that the residence identified by the source was, in fact, Flippo's listed address.

Second, because the confidential source indicated Flippo was growing marijuana plants at his residence, Deputy Stone conducted surveillance, within 72 hours of seeking a search warrant, by going to an adjacent residence from which he observed and photographed marijuana plants on the back porch of the residence. Deputy Stone's observations and a photograph of the back porch and marijuana plants were included in the application for search warrant.

Law enforcement's corroboration of the information provided by the confidential citizen source is sufficient to establish the credibility of the tip. In *United States v. Smith*, 783 F.2d 648 (6th Cir. 1986), police obtained a warrant based on a tip from a confidential source. In the supporting affidavit, the officer stated the following:

> On the 20th day of August, 1984, at approximately 5:00 p.m., the affiant received information from a reliable informant that Eric Helton was producing marijuana at his residence. Acting on the information received, affiant conducted the following independent investigation: On August 21, 1984 at 11:30 A.M. Detective William Stweart [sic] observed a marijuana plant growing beside the residence of Eric Helton.

*Smith*, 783 F.2d at 649.

The *Smith* defendant filed a suppression motion contesting the affidavit. *Id.* at 650. "In denying the motion to suppress, the district court found that Smith lacked standing and that the affidavit for the search warrant was sufficient for a probable cause determination by the state judge." *Id.* Smith then appealed. On appeal, the Sixth Circuit noted that the tip itself was not enough to establish probable cause, yet the court upheld the warrant because the officer's observations verified the tip and established the informant's reliability. *Id.* Here, the Court credits Defendant's argument that the confidential source's tip may be inadequate by itself to support probable cause; however, as in the *Smith* case, independent investigation by law enforcement was sufficient to verify the tip and establish probable cause.

Deputy Johnson's affidavit contained sufficient facts for the issuing judge to conclude—based on the totality of the circumstances—that there was a fair probability that contraband or evidence of a crime would be found in Flippo's residence. *See Christian*, 925 F.3d at 311 ("When it comes to probable cause, 'the whole is often greater than the sum of its parts—especially when the parts are viewed in isolation.'") (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 588 (2018)). Accordingly, the warrant issued for Flippo's residence was supported by probable cause. *See Gates*, 462 U.S. at 230; *United States v. Sonagere*, 30 F.3d 51, 53–54 (6th Cir. 1994) (finding that the fact that the informant had never provided police with information in the past was not fatal, inasmuch as the other strengths of the affidavit, such as the detail in how the informant described

the drug activity, along with the corroborative efforts of the affiant, provided a substantial basis upon which probable cause could be found).

Flippo also disputes that Deputy Stone could have confirmed that the plants he saw on Flippo's back porch were marijuana, arguing that they could have been "hemp . . . . Japanese maple, which look very similar to marijuana . . . . or another plant." [Doc. 21 at PageID #: 43]. While it may be true that marijuana plants—from a distance—could be mistaken for other kinds of plants, Deputy Stone had received a tip that Flippo was growing marijuana plants at his residence, and he had "experience and training in the identification of Marijuana plants." [Doc. 22-1 at PageID #: 54].

Probable cause does not require certainty on Deputy Stone's part, only a fair probability that it was marijuana. *United States v. Tagg*, 886 F.3d 579, 585 (6th Cir. 2018) ("Probable cause 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'") (quoting *Wesby*, 138 S. Ct. at 586); *see also Wesby*, 138 S. Ct. at 586 (noting that "[p]robable cause 'is not a high bar.'") (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Deputy Stone did not have to be certain that he saw marijuana plants; rather, he needed only to allege facts creating a reasonable probability that he saw marijuana at Flippo's residence. *Christian*, 925 F.3d at 310 (quoting *Tagg*, 886 F.3d at 589).

In cases like this, where a defendant contests an affidavit, the Court must keep in mind that "police officers are mostly non-lawyers who must draft affidavits 'on the basis of nontechnical, common sense judgments.'" *Id.* (quoting *Gates*, 462 U.S. at 235-36). With the luxury of hindsight, perhaps Deputy Johnson could have more artfully or cogently explained the probable cause bases for a search of Flippo's residence, but precedent does not require such an exacting degree of specificity and "[a]ffidavits are not required to use magic words." *Id.* (quoting *Allen*, 211 F.3d at

975). This Court's "job is not to reweigh the assertions in the affidavit but to ask whether the [issuing judge] had a substantial basis for [their] conclusion[.]" *Id.* (citing *United States v. Perry*, 864 F.3d 412, 415 (6th Cir. 2017). And, applying a common-sense approach, the undersigned finds that the facts recited in Deputy Johnson's affidavit exceed the "degree of suspicion" necessary to establish probable cause. *Tagg*, 886 F.3d at 586.

### C. Staleness

Flippo raises an argument that the information provided by the confidential source may not have been current enough to support probable cause for a search of the residence. Specifically, he states,

> The Affidavit here does not indicate any dates of when Mr. Flippo was seen at the residence or when he lived there. And, it doesn't indicate when Mr. Flippo was seen with a firearm or ammunition. It does indicate supposed marijuana plants were seen within 72 hours on the back porch but based on the Affidavit, this is about all.

[Doc. 21 at PageID #: 45].

Indeed, stale information can undermine a probable-cause finding. *United States v. Hoang*, 487 F. App'x 239, 243–44 (6th Cir. 2012) (citing *United States v. Brooks*, 594 F.3d 488, 493 (6th Cir. 2010)):

> But whether an informant's tip is stale depends on several factors including the 'character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), and the place to be searched (mere criminal forum of convenience or secure operational base?).' *Id.* (quoting *Brooks*, 594 F.3d at 493).

In the present case, the anonymous tip was not stale. A marijuana-growing operation—by virtue of the long-term nature of the activity—allows for greater lapses of time between the information relied upon and the request for a search warrant. *United States v. Thomas*, 605 F.3d 300, 310 (6th Cir. 2010) (citations omitted). And, given that the property at issue was Flippo's

residence, "the drugs were likely to be there for an indefinite period of time, and the place to be searched constituted a secure operational base." *Id.* (quoting *Hammond*, 351 F.3d at 772) (noting that in *Hammond*, a four-month old tip of marijuana growing was not stale).

Even if some of the information relied upon could be considered stale, such information may be "refreshed if the affidavit contains recent information that corroborates otherwise stale information." *Id.* (quoting *Thomas*, 605 F.3d at 310) (internal quotation marks omitted). Here, Deputy Stone's corroboration of the tip by observing marijuana plants growing on the back porch within 72 hours of obtaining the search warrant was sufficient to remove any staleness from the tip. And, in the words of the Sixth Circuit: "[i]n the case of drug dealers, evidence is likely to be found where the dealers live"—which is what resulted here. *United States v. Jones*, 159 F.3d 969, 975 (6th Cir.1998) (quoting *United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir.1991)).

### D. The Good-Faith Exception

As an alternative to a probable-cause finding, the "good faith" exception from *United States v. Leon*, 468 U.S. 897, 926 (1984), applies in this case. Under *Leon*, when an officer acting with objective good faith has obtained a search warrant from a detached and neutral magistrate and has acted within its scope, the results of the search are not excludable, even if the affidavit is later found to be insufficient to establish probable cause. Evidence is only excludable if the officers were dishonest or reckless in preparing their affidavit; the issuing judge abandoned his detached and neutral role; or the executing officers could not have harbored an objectively reasonable belief in the existence of probable cause. *Leon*, 468 U.S. at 926. There is no evidence that Deputy Johnson was dishonest or reckless in preparing the affidavit; that the state judicial officer abandoned his/her neutral role; or that law enforcement did not harbor an objectively reasonable belief that probable cause existed to search Flippo's residence.

Case 1:19-cr-00019-TRM-CHS    Document 32    Filed 12/02/19    Page 12 of 14
PageID #: 107

The good-faith exception under *Leon* is, indeed, a "low bar." *Christian*, 925 F.3d at 318. "An affidavit exceeds the *Leon* threshold when it contains 'some connection' between 'the illegal activity and the place to be searched,' even if that connection is 'remote' and supported by only a slight 'modicum of evidence.'" *Christian*, 925 F.3d at 318 (quoting *White*, 874 F.3d at 496–97) (internal quotation marks omitted)). The undersigned finds that, even if a finding could be made that probable cause did not exist to support the search warrant, the good faith exception would apply.

E.  **Knock-and-Announce**

Finally, Defendant alleges that the evidence seized by law enforcement at his residence should be suppressed because the police failed to knock and announce their presence even though the search warrant required them to do so. In support, Flippo relies upon a video[2] reflecting the officers' execution of the search warrant. According to Flippo's counsel, twenty-eight seconds into the video, officers first step onto Flippo's front porch. Six seconds later, other officers throw a flash-bang device onto the back porch. Then, at 1:40, an officer opens the back door of the house and enters. Based upon this time-table, Flippo concludes that "[t]here was simply not enough time [for a knock and announce to take place] and the Search Warrant was therefore improperly executed." [Doc. 22 at PageID #: 48].

Even if Defendant's conclusion were true, the exclusionary rule does not apply to knock-and-announce violations. In *Hudson v. Michigan*, 547 U.S. 586 (2006), the Supreme Court held that, if officers violate the knock-and-announce rule in the course of executing a search warrant, a victim may file a claim under 42 U.S.C. § 1983 for relief, but may not suppress the evidence because suppression does not further the interests served by the knock-and-announce rule. *See id.*

---

[2] The video from the search warrant's execution is not before the Court because it is not in the record. The Court's analysis is limited to the pleadings.

at 593, 597. The *Hudson* court noted that the "deterrence benefits" of applying the exclusionary rule do not "outweigh its substantial social costs," *Id.* at 594 (internal quotation marks omitted). The undersigned makes no finding as to whether law enforcement violated the knock-and-announce requirement in the search warrant, but finds that such a violation would not be a basis to suppress the evidence found at Defendant's residence.

## IV. Conclusion

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendant Derrick Flippo's Motion to Suppress [Doc. 21] be **DENIED**.[3]

    **ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).