UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:19-cr-19 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| DERRICK WAYNE FLIPPO | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

**ORDER**

Before the Court is Defendant Derrick Wayne Flippo's motion to suppress (Doc. 21). United States Magistrate Judge Christopher H. Steger filed a report and recommendation, recommending that the Court deny Defendant's motion to suppress (Doc. 32). Defendant filed a motion for an extension of time to object to the report and recommendation (Doc. 33), which Magistrate Judge Steger granted (Doc. 34). On January 8, 2020, Defendant filed objections to Magistrate Judge Steger's report and recommendation (Doc. 35), and the Government responded to Defendant's objections (Doc. 36). The Court has conducted a *de novo* review of the record as it relates to Defendant's objections and, for the following reasons, will: (1) **OVERRULE** Defendant's objections to the report and recommendation (Doc. 35); (2) **ACCEPT** and **ADOPT** the report and recommendation (Doc. 32); and (3) **DENY** Defendant's motion to suppress (Doc. 21).

I.  **BACKGROUND**

Defendant has not objected to the basic facts outlined in Magistrate Judge Steger's report and recommendation, but rather objects to certain legal conclusions related thereto. (*See generally* Doc. 35.) After reviewing the record before the Court and finding the facts to be

consistent with Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. (Doc. 32, at 1–4); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). Defendant's objections to the report and recommendation are now ripe for review.

II.     **STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting her in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

III.     **ANALYSIS**

In his report and recommendation, Magistrate Judge Steger recommended denying Defendant's motion to suppress, finding that the affidavit used to secure a warrant to search Defendant's house supported a finding of probable cause. (Doc. 32, at 4–11.) Magistrate Judge Steger further found that, even if the warrant affidavit did not support a finding of probable cause, the evidence seized from Defendant's house should not be suppressed because the good-faith exception to the exclusionary rule applies. (*Id.* at 11–12.)

In his objections to the report and recommendation, Defendant argues that Magistrate Judge Steger erred in finding that the warrant affidavit was sufficient to support a finding of probable cause, because: (1) the officer who observed marijuana plants on the back porch of the house may not have made his observations from "a lawful vantage point"; (2) the officer who observed marijuana plants on the back porch could not be sure they were actually marijuana plants; and (3) the warrant affidavit improperly characterized certain information as obtained from a "confidential citizen source," when it was actually obtained from an anonymous tip. (Doc. 35, at 1–6.) Defendant also argues that Magistrate Judge Steger erred in finding that the good-faith exception applies. (*Id*. at 7.)

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "This constitutional protection requires a government agent to support an application for a search warrant with a substantial basis linking the evidence to be seized and the place to be searched." *United States v. McCoy*, 905 F.3d 409, 415 (6th Cir. 2018) (citing *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc)). "When a government agent fails to support his application with this showing of probable cause, a judge should refuse to issue the warrant." *Id*.

"Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than a mere suspicion, . . . . and is found to exist when there is a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006). "Search warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny," and "[r]eview of the sufficiency of the evidence supporting probable cause is limited to the four

3

corners of the affidavit. *Id*. "[T]he affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008). "[F]or a judicial officer to issue a warrant, law enforcement officials must present evidence from which a magistrate judge can conclude from the totality of the circumstances, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Jackson*, 470 F.3d at 306. Additionally, a "magistrate judge's determination of probable cause is afforded great deference and should be reversed only if arbitrarily made." *Id*.

Restricted to the four corners of the warrant affidavit, the Court agrees with Magistrate Judge Steger's well-reasoned conclusion that the warrant affidavit contained sufficient evidence to support a finding of probable cause that contraband or evidence of a crime would be found in Defendant's home. (Doc. 32, at 5–11.) As Magistrate Judge Steger noted, the warrant affidavit stated, among other things, that a "confidential citizen source" informed law enforcement that Defendant possessed and grew marijuana at his residence and that Deputy Stone corroborated this information when he witnessed marijuana plants on the back porch of Defendant's residence "[w]ithin the past 72 hours." (Doc. 22-1.) Such information is sufficient to support the issuing magistrate judge's probable-cause determination regardless of Deputy Stone's vantage point at the time he observed Defendant's back porch from a neighboring property and regardless of whether the warrant affidavit characterizes the initial information as coming from a "confidential citizen source" or from an anonymous tip. As a result, as Magistrate Judge Steger correctly concluded, the issuing magistrate judge's decision to find that probable cause existed to issue a search warrant was not arbitrary.

Although not expressly stated in his motion or in his objections to the report and recommendation, it appears Defendant is arguing that the Court should suppress the evidence seized from his home because the warrant affiant misled the issuing magistrate judge by omitting certain facts from the warrant affidavit or by mispresenting certain facts in the warrant affidavit. (*See* Doc. 35.) In his initial motion, Defendant suggests that the warrant affidavit "borders on violation of *Franks v. Delaware* if indeed it does not meet it." (Doc. 29, at 5.)

To challenge the sufficiency of an executed search warrant by attacking the veracity of the affidavit supporting the search warrant, a defendant can seek an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). If a defendant contends that the warrant affidavit omitted material facts, he is entitled to a *Franks* hearing "if and only if: (1) the defendant makes a substantial preliminary showing that the affiant engaged in a deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit, and (2) a finding of probable cause would not be supported by the affidavit if the omitted material were to be considered to be a part of it." *Fowler*, 535 F.3d at 415. A defendant is also entitled to a hearing if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56. But, a "substantial showing" requires more than conclusory assertions "and must be supported by more than a mere desire to cross-examine." *Id*. at 171.

> There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Id*.

In this case, Defendant has not met his burden to make a substantial showing that the warrant affiant made false statements or omitted material information knowingly or with reckless disregard for the truth. Instead, Defendant merely suggests that the warrant affidavit should have: (1) included information about Deputy Stone's location when he observed marijuana plant's on Defendants back porch[1] and about how Deputy Stone knew that the plants were marijuana plants, rather than hemp or Japanese Maple; and (2) referred to the information received as coming from an anonymous tip rather than a "confidential citizen source." (Doc. 35.) To the extent Defendant contends that the warrant affiant misled the issuing magistrate judge in the warrant affidavit, the proper procedure is to pursue a *Franks* hearing by offering proof regarding how the warrant affidavit is false or misleading. Defendant did not do so and cannot now challenge the issuing magistrate judge's probable-cause determination by simply suggesting that the warrant affidavit should have included additional information.

---

[1] In his objections, Defendant specifically argues that the warrant affidavit did not support a probable-cause finding because it did not contain an "explanation as to how [Deputy Stone] was lawfully on the neighboring property" and, therefore, the issuing magistrate judge could not determine whether the "plain view doctrine" applied. (Doc. 35, at 1–3.) But, as the Government correctly notes, the plain-view doctrine is not implicated in determining whether the warrant affidavit supported a finding of probable cause to issue a search warrant. First, the plain-view exception to the warrant requirement allows law enforcement in a lawful position to seize an object without a warrant if the object's incriminating character is immediately apparent. *United States v. Bishop*, 338 F.3d 623, 626 (6th Cir. 2003). Second, Fourth Amendment rights are personal, and Defendant does not have a protectable property interest as it relates to whether Deputy Stone was lawfully on a neighbor's property, even if Deputy Stone ultimately observed incriminating evidence on Defendant's property from the neighboring property. *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."). Finally, even if the plain-view doctrine was somehow implicated by the present inquiry, the Sixth Circuit has explained that "naked-eye observations of [a] house's exterior from [a] neighboring property . . . are not Fourth Amendment searches." *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 581 (6th Cir. 2005).

Finally, the Court agrees with Magistrate Judge Steger's well-reasoned conclusion that, even if the warrant affidavit was insufficient to support a probable-cause finding, the good-faith exception to the exclusionary rule applies. As Magistrate Judge Steger explained, there is no evidence that the warrant affiant was dishonest or reckless in preparing the affidavit, that the issuing magistrate judge abandoned his or her neutral role, or that law enforcement did not have an objectively reasonable belief that probable cause existed to search Defendant's residence. (Doc. 32, at 12–13.)

IV. **CONCLUSION**

For the reasons stated herein, the Court:

1. **OVERRULES** Defendant's objections to Magistrate Judge Steger's report and recommendation (Doc. 35);

2. **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 32); and

3. **DENIES** Defendant's motion to suppress (Doc. 21).

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**